USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/13/10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
IRANDOKHT BAHRAMI,

      Plaintiff,

  -against-

MOHAMMAD ALI SAADAT KETABCHI,
a/k/a MOHAMMAD SAADAT KETABCHI,
a/k/a MOHAMMAD KETABCHI,
a/k/a HOMAYOUN SAADAT KETABCHI,
a/k/a HAMAYOUN KETABCHI,

      Defendant.
------------------------------------------------------------X

05 Civ. 3829 (RMB)(KNF)

**ORDER**

## I. Background

On February 27, 2009, following a bench trial held on October 14, 2008, the Court found that Irandokht Bahrami ("Plaintiff") "failed to establish her case by a preponderance of the evidence." (Findings of Fact & Conclusions of Law [#94], dated Feb. 27, 2009 ("Findings of Fact & Conclusions of Law"), at 3; see also Tr. of Bench Trial, dated Oct. 14, 2008 ("Trial Tr.").) On March 16, 2009, Plaintiff filed a notice of appeal in the United States Court of Appeals for the Second Circuit. On February 11, 2010, the Second Circuit issued a summary order affirming the judgment of this Court and stating that "[t]o the extent that [Plaintiff] argues that the judgment below depended on fraud in the form of fabricated telephone records, such relief should be sought in a motion in the district court" under Rule 60(b)(3) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."). (Summ. Order [#103], dated Feb. 11, 2010, at 3.)

On March 2, 2010, Plaintiff, proceeding pro se, filed a motion to set aside the Court's judgment, dated March 4, 2009 ("Judgment"), pursuant to Fed. R. Civ. P. 60(b)(3) arguing, among other things, that Mohammad Ali Saadat Ketabchi ("Defendant") "submitted forge[d]

documents regarding ... different matter[s]," i.e., "forged copies ... of [Defendant's] cell [phone] statement" and Plaintiff's landline phone statement, a forged "letter to Dr. Surur" and forged "results of [a] test[]" conducted by Dr. Robert Berger, that "mislead the Federal [C]ourt." (Mot. at 8, 13–14, 19–21.)

On April 26, 2010, Defendant filed an opposition ("Opposition") arguing, among other things, that Plaintiff's conclusory allegations and "fail[ure] to submit any documents or testimony to corroborate her accusations ... does not begin to approach the requirement of clear and convincing evidence." (See Def.'s Mem. of Law, dated Apr. 26, 2010 ("Opp'n"), at 3.) Further, "Plaintiff has failed to set forth ... that she was unable to have a fair trial" and "had the opportunity at the trial to demonstrate any alleged forgery." (Opp'n at 5–6.)

By letter, dated April 28, 2010, Plaintiff moved to strike the Opposition arguing that "the due date [of the Opposition] was April 9th" and Defendant's April 26 filing was untimely. (Ltr. from Irandokht Bahrami to the Hon. Richard M. Berman, dated Apr. 28, 2010, at 1.)

By letter dated May 11, 2010, Defendant's counsel responded that he had "misread" the Court's Order, dated March 26, 2010 ("March 26 Order"), and erroneously believed "that the Defendant was given until April 30, 2010" to submit his Opposition. (Ltr. from Jack S. Dweck, Esq. to the Hon. Richard M. Berman, dated May 11, 2010, at 1.) Defendant further stated that the "mistake was unintentional" and that "there has been no prejudice to the Plaintiff." (Id.)

**For the reasons set forth below, Plaintiff's motion to set aside the Judgment is denied.**

## II.  Legal Standard

Relief under Rule 60(b) of the Fed. R. Civ. P. may be granted "only upon a showing of exceptional circumstances." Nemaizer v. Baker, 793 F.2d 58, 61 (2d Cir. 1986); see also Wicks

v. Miller, No. 05 Civ. 5341, 2009 U.S. Dist. LEXIS 111396, at *10 (S.D.N.Y. Nov. 30, 2009). "[A] Rule 60(b)(3) motion cannot be granted absent clear and convincing evidence of material misrepresentations and cannot serve as an attempt to relitigate the merits." Fleming v. N.Y. Univ., 865 F.2d 478, 484 (2d Cir. 1989). And, "a movant must show that the conduct complained of prevented the moving party from fully and fairly presenting his case." State St. Bank & Trust Co. v. Inversiones Errazuriz Limitada, 374 F.3d 158, 176 (2d Cir. 2004).

"When an act may or must be done within a specified time, the court may, for good cause, extend the time . . . after the time has expired if the party failed to act because of excusable neglect." Saviano v. Town of Westport, 337 F. App'x. 68, 69 (2d Cir. 2009) (quoting Fed. R. Civ. P. 6(b)(1)) (alterations omitted).

Where, as here, a party moves pro se, "the Court construes their motion[] liberally, and interprets it to raise the strongest arguments they suggest." Friedline v. N.Y. City Dep't of Educ., No. 06 Civ. 1836, 2008 U.S. Dist. LEXIS 106498, at *4–5 (S.D.N.Y. Dec. 31, 2008).

III. **Analysis**

As a preliminary matter, Plaintiff's application to strike the Opposition is denied because, among other reasons, Defendant's counsel's error in misreading the Court's March 26 Order amounts to excusable neglect. See Losacco v. City of Middletown, 71 F.3d 88, 93 (2d Cir. 1995) (Excusable neglect "may encompass delays caused by inadvertence, mistake, or carelessness." (quotations omitted)). "[T]here is no [evidence of] bad faith, there is no prejudice to the opposing party, and [Defendant's] excuse has some merit." Id. at 93 (citations and quotations omitted); see also Anderson v. Romano, No. 08 Civ. 559, 2008 U.S. Dist. LEXIS 104876, at *13 (S.D.N.Y. Dec. 24, 2008).

3

**Motion to Set Aside the Judgment**

Plaintiff does not point to any clear and convincing evidence of material misrepresentations sufficient to satisfy the standard for relief under Rule 60(b)(3). Olsen v. 419 Apt. Corp., No. 06 Civ. 4004, 2008 U.S. Dist. LEXIS 71352, at *11 (S.D.N.Y. Sept. 17, 2008). "In the absence of an affidavit . . . or other competent evidence on these issues, this Court is unable to find that the document[s] should be considered . . . intentional forger[ies]." Miller v. Shelton, No. 99 Civ. 6142, 2006 U.S. Dist. LEXIS 23441, at *7 (W.D.N.Y. Mar. 20, 2006); Chesney v. Valley Stream Union Free Sch. Dist. No. 24, No. 05 Civ. 5106, 2009 U.S. Dist. LEXIS 38935, at *10–11 (E.D.N.Y. May 7, 2009) (citing Tyson v. City of New York, 81 F. App'x. 398, 400 (2d Cir. 2003)).

Plaintiff was not deprived of any opportunity to fairly present her case.[1] Aneja v. M.A. Angeliades, Inc., No. 05 Civ. 9678, 2010 U.S. Dist. LEXIS 3035, at *8–9 (S.D.N.Y. Jan. 12, 2010). In fact, Plaintiff challenged the integrity of Defendant's documents at trial and in her post-trial submissions. (See Pl.'s Post-Trial Findings of Fact, dated Dec. 1, 2008, at 13 ("Respectfully, a cursory look at th[e telephone] records reveals that they are nothing more than a spreadsheet printout without any indication that they were produced by a telephone company."), 16–17 (questioning "the integrity of the MCMI III answer sheet that was marked in pencil by Ms. Bahrami and which she did not receive a copy of prior to leaving it with Dr. Berger"); Trial Tr. at 88:23–89:10 ("Q: Ms. Bahrami . . . [d]id you write this letter to Dr. Sur[u]r? A: Never. Never. You probably wrote it yourself. . . . It is not my handwriting . . . . [Defendant] had forged – he had forged my signature and sent it to Dr. Akava."), 148 ("Q: [Dr. Berger,] there is no way for anyone to know whether any of the answers

---

[1] Plaintiff was represented by counsel at trial. (See Trial Tr. at 1.)

4

on the Scantron were changed or altered in any way after Ms. Bahrami left your office, correct?").) The Court considered all of Plaintiff's claims both at trial and in preparing the post-trial findings of fact and conclusions of law. (See Findings of Fact & Conclusions of Law, at 3 n.3 & ¶¶ 32–33, 36); see also Aneja, 2010 U.S. Dist. LEXIS 3035, at *8–9; Schiel v. Stop & Shop Co., No. 96 Civ. 1742, 2006 U.S. Dist. LEXIS 73508, at *25 (D. Conn. Sept. 6, 2006); 12-60 James W. Moore, et al., Moore's Federal Practice § 60.43[4] (3d ed. 2000) ("[I]f the falsity of the documents was or could have been disclosed at trial, or in preparation for trial, the moving party was not deprived of an opportunity to fully and fairly present[] his or her case.").

## IV. Conclusion and Order

For the reasons stated herein, Plaintiff's motion to set aside the Judgement [#102] is denied.

Dated: New York, New York
May 13, 2010

*RMB*

**RICHARD M. BERMAN, U.S.D.J.**